**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-00237-001-TUC-AMM (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Manuel Ernesto Lemas-Fierros, | |
| Defendant. | |

Pending before the Court are Defendant Manuel Ernesto Lemas-Fierros's Objections to Testimony Regarding Defendant's Alleged Interpreted Statements (Doc. 62) and Motion to Exclude Opinion Testimony by HSI Agent Clark About Audio Messages (Doc. 63).

### I. Custodial Interrogation Statements

Defendant seeks to exclude the testimony of HSI Agent Clark regarding any of Defendant's alleged post-Miranda custodial statements as interpreted to Agent Clark by HSI Agent Isabelle Perez. (Doc. 62.) During the custodial interrogation, Agent Clark questioned Defendant using Agent Perez to translate between English and Spanish. (*Id.* at 2.) Defendant argues that Agent Perez's qualifications as an interpreter have not been disclosed and any reliance on her interpretation through Agent Clark violates the Confrontation Clause, offers inadmissible hearsay, and raises reliability and accuracy concerns. (*Id.* at 3–4.) Defendant asserts that the transcript of the video of the custodial interrogation as translated by a certified court interpreter is the best evidence of

Defendant's statements. (*Id.*)

At oral argument, the Government avowed that it would rely only on the certified transcript of the video of the custodial interrogation for trial evidentiary purposes. Accordingly, the Court will deny the motion as moot.[1]

## II. Audio Messages and Opinion Testimony

Defendant also seeks to exclude any opinion testimony by any law enforcement officer regarding three audio messages extracted from Defendant's cell phone. (Doc. 63.) The messages were translated from Spanish to English by HSI Investigation Analyst Maria Hidalgo and given to Agent Clark. (*Id.* at 2.) Defendant objects to Agent Clark's interpretation and opinion about the content of the audio messages, namely his opinion that Defendant knew there were controlled substances in his vehicle. (*Id.* at 2–3.)

Defendant's objection is three-fold. First, Defendant argues there is a foundational issue because the Government did not disclose any evidence to identify the voice in the audio messages as that of Defendant. (*Id.* at 4.) The Court will reserve ruling on this issue pending the Government laying the proper foundation at trial.

Second, Defendant argues that Agent Clark's testimony regarding the audio messages is improper because Analyst Hidalgo's interpretation is unreliable and her qualifications as an interpreter are unclear. (*Id.* at 3–4.) At oral argument, the Government avowed it will use the transcript of the audio message as interpreted by a court certified interpreter. Accordingly, this second argument is moot.[2]

---

[1] Neither party addressed the relevant factors for determining whether an interpreter is deemed a language-conduit or agent for purposes of Federal Rule of Evidence 801 (d)(2)(A) as outlined in *United States v Nazemian*, 948 F.2d 522 (9th Cir 1991) (holding that whether an interpreter's statements may be attributed to the defendant under a language-conduit theory is a case-by-case determination weighing several factors including which party supplied the interpreter, whether the interpreter had any motive to mislead the defendant or distort his statements, the interpreter's qualifications and specific language skills, and whether actions taken after the conversation were consistent with the statements as translated). The Court need not weigh those factors here as the parties have agreed to use the translation authored by a certified court interpreter.

[2] At the time of oral argument, defense counsel had not received the transcript of the court-certified interpreter's interpretation of the three audio messages. Government counsel avowed it would disclose the transcripts by the end of the business day. At oral argument, the Court instructed Defendant to notify the Court if he had any disagreement with the certified transcripts once he had an opportunity to review them.

Third, Defendant argues that Agent Clark's testimony regarding the audio messages is improper as either an expert witness or a lay witness. (*Id.* at 4–5.) Defendant highlights that the Government did not notice Agent Clark as an expert. (*Id.* at 4.) And, even if Agent Clark were an expert witness, he could not opine as to the ultimate issue—whether Defendant knew there were controlled substances in his vehicle. (*Id.* at 5.) At oral argument, the Government clarified that Agent Clark would not testify to Defendant's state of mind. Therefore, this argument is moot.

Defendant further argues that Agent Clark cannot testify as a lay witness to the content or meaning of the audio messages. (*Id.* at 4–5.) Federal Rule of Evidence 701 "allows a lay witness to offer opinions that are (a) 'rationally based on the witness's perception,' (b) 'helpful' to the jury, and (c) 'not based on scientific, technical, or other specialized knowledge within the scope of' expert testimony." *United States v. Perez*, 962 F.3d 420, 435 (9th Cir. 2020) (quoting *United States v. Gadson*, 763 F.3d 1189, 1206 (9th Cir. 2014)). For instance, a law enforcement officer may testify as a lay witness about the meaning of "drug jargon used by the targets of his investigation" based on his knowledge and experience. *Id.* (citing *United States v. Reed*, 575 F.3d 900, 923 (9th Cir. 2009)).

At oral argument, the Government avowed that it would rely on the certified transcript of the audio messages. Accordingly, Agent Clark, or any law enforcement officer, may properly testify as a lay witness regarding the meaning of the content of the audio messages *as translated in the certified transcript* if that testimony otherwise complies with the Federal Rules of Evidence, including but not limited to Rules 401, 403, and 701.

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that:

(1)   Defendant's Objections to Testimony Regarding Defendant's Alleged Interpreted Statements is **DENIED AS MOOT**. (Doc. 62.)

///

(2)   Defendant's Motion to Exclude Opinion Testimony by HSI Agent Clark About Audio Messages is **DENIED AS MOOT.** (Doc. 63.) The Court reserves ruling on whether the Government has laid the proper foundation to establish that the voice in the audio messages is Defendant's voice.

Dated this 24th day of February, 2025.

_____
Honorable Angela M. Martinez
United States District Judge